IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VISHAY DALE ELECTRONICS, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV191 |
| | ) | |
| v. | ) | |
| | ) | |
| CYNTEC, Co., Ltd., SUSUMU, Co., Ltd., and SUSUMU INTERNATIONAL (USA), Inc., | ) ) ) | ORDER |
| | ) | |
| Defendants. | ) ) | |

This matter is before the court on Vishay Dale Electronics, Inc's ("Vishay") motion for an extension of time for service of process on defendant Cyntec Co. Ltd. ("Cyntec"), Filing No. 62. Under the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* A 1993 amendment to Rule 4 "increase[d] a district court's discretion to extend the 120-day time period by authorizing the court 'to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.'" *Adams v. Allied Signal Gen. Aviation Avionics,* 74 F.3d 882, 886 (8th Cir. 1996) (*quoting* Rule 4 Advisory Committee Notes (1993)). Thus, under Rule 4(m), the court is required to extend the time for service on a showing of good cause, but has the discretion to extend the time, rather than dismiss the case without prejudice, even in the absence of such a showing. *See id.* The 1993 amendments to

Rule 4(m) give courts greater leeway to preserve meritorious lawsuits despite untimely service of process. *Efaw v. Williams,* 473 F.3d 1038, 1042 (9th Cir. 2007). Moreover, a court may retroactively grant such an extension after the 120-day period has expired. *Id.; United States v. McLaughlin,* 470 F.3d 698, 701 (7th Cir. 2006) (stating "[w]hen delay in service causes zero prejudice to the defendant or third parties (or the court itself), the granting of extensions of time for service, whether before or after the 120-day period has expired, cannot be an abuse of discretion").

The court finds Vishay has shown good cause for its failure to effect service. Even in the absence of such a showing, the court would exercise its discretion to extend the time for service of process. Accordingly, the court finds the motion should be granted.

IT IS HEREBY ORDERED:

1. Vishay's motion for an extension of time in which to effect service (Filing No. 62) is granted.
2. Vishay shall perfect service upon defendant Cyntec within 120 days of the date of this order.

DATED this 21st day of September, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge