IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VISHAY DALE ELECTRONICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV191 |
| | ) | |
| v. | ) | |
| | ) | |
| CYNTEC CO., LTD., SUSUMU CO., LTD., and SUSUMU INTERNATIONAL (USA), INC., | ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on a motion to dismiss for lack of personal jurisdiction, or alternatively, to transfer venue, filed by defendant Susumu International (USA), Inc. (hereinafter, "Susumu USA"), Filing No. 35. This is a patent infringement action.

The patents at issue cover the design and manufacture of high current, low profile inductors or inductor coils used in notebook computers, computer servers, automotive applications, and industrial controls. *See* Filing No. 34, Amended Complaint at 5. Vishay Dale filed this action on May 21, 2007, alleging that defendants have infringed the patents through the use, manufacture, sale, or offer for sale of certain inductors throughout the United States. *Id.* at 2-9. It alleges that Susumu Co., Ltd. (hereinafter, "Susumu Japan"), a foreign corporation with a place of business in Japan, conducts business in the United States on its own and through defendants Susumu USA and Cyntec Co, Ltd. *Id.* at 2.

Susumu USA asserts that this court lacks personal jurisdiction because Susumu USA does not have sufficient minimum contacts in Nebraska. It alternatively moves to transfer this action to the United States District Court for the District of New Jersey, where

it has filed a declaratory judgment action involving the same patents.  *See Susumu International (USA), Inc. v. Vishay Dale Electronics, Inc.*, case no. 2:07-cv-03529 (hereinafter, "New Jersey action"), Filing No. 1, Complaint (D.N.J. July 30, 2007).  The court's records show that Susumu Japan is the parent corporation of Susumu USA.  Filing No. 69, Corporate Disclosure Statement.

## I. FACTS

In support of its motion, Susumu USA has shown by affidavit that it has no offices, inventory or employees in Nebraska, and that it does not advertise in Nebraska or ship products to Nebraska.  Filing No. 37, Index of Evidence ("Evid."), Declaration of Tatsyku Nagashima at 1-2.  Further, it has no bank accounts, telephone listings or mailing addresses in Nebraska, does not pay taxes in Nebraska, or own any real estate or assets in the state.  *Id.*  It does, however, maintain a website visible in Nebraska, but does not allow orders to be placed through the website.  *Id.* at 2.  Susumu USA states that its only customer for the allegedly infringing products is Digi-Key, located in Thief River Falls, Minnesota.  *Id.*  It asserts that it does not "in any way direct subsequent sales" of the products by Digi-Key.  *Id.*  Susumu USA is a corporation with a total of three employees, organized and operating in New Jersey.  *Id.* at 1.

In opposition to the motion, Vishay Dale has shown that it manufactures electronics components and is headquartered in Columbus, Nebraska.  Filing No. 49, Index of Evid., Part 2, Exhibit ("Ex.") A, Declaration of James Holmberg at 2.  The evidence submitted in connection with Vishay Dale's opposition to the motion shows that Susumu Japan identifies Susumu USA on its website as a "US subsidiary" and as a "sales and marketing company" in its sales network.  *Id.,* Part 3, Ex. B, Declaration of Michael Husman, Exs. 1 and 2.  The

website also indicates that Susumu Japan established Susumu USA in 2004. *Id.*, Ex. 1. On its website, Susumu USA identifies itself as a sales and marketing arm of the SUSUMU company. *Id.,* Ex. 3. Vishay Dale has shown that products manufactured by Susumu Japan are distributed by Digi-Key, the fifth-largest electronic-component distributor in the United States, through catalog sales and through its website. *Id.*, Ex. B, Declaration of Michael Husman, Exs. 4, 5 & 6. The evidence shows that Digi-Key mails over 4.6 million catalogs per year and offers a "fully interactive website offering complete on-line purchase capabilities." *Id.,* Ex. D, Declaration of Steven G. Tsukichi. Digi-Key sent approximately 15,000 catalogs to Nebraska in 2006 and again in 2007. *Id.* The evidence also shows that Vishay Dale employees were able to purchase the allegedly infringing products for delivery in Nebraska by placing a telephone order. *Id.,* Ex. C, Declaration of Gary Brodecky.

## II. DISCUSSION

### A. Personal Jurisdiction

#### 1. Law

In a patent case, courts apply the law of the Federal Circuit to determine whether personal jurisdiction exists. *Hildebrand v. Steck Mfg. Co.,* 279 F.3d 1351, 1354 (Fed. Cir. 2002). The court applies a two-part test: (1) whether the "forum state's long-arm statute permits the assertion of jurisdiction"; and (2) if such jurisdiction exists, whether its exercise comports with due process. *Silent Drive, Inc. v. Strong Indus., Inc.,* 326 F.3d 1194, 1200 (Fed. Cir. 2003). Because Nebraska's long-arm statute has been construed to permit jurisdiction to the extent of constitutional limits, the court must determine whether the exercise of personal jurisdiction over the defendants in this case comports with due

process.  *See Pecoraro v. Sky Ranch for Boys, Inc.,* 340 F.3d 558, 561 (8th Cir. 2003); *Inamed Corp. v. Kuzmak,* 249 F.3d 1356, 1360 (Fed. Cir. 2001) (noting that the two inquiries collapse into one when the reach of the state long-arm statute is the same as the limits of the due process clause); *HollyAnne Corp. v. TFT, Inc.,* 199 F.3d 1304, 1307 (Fed. Cir. 1999) (same, discussing Nebraska long-arm statute).

Due process requires that a defendant have "certain minimum contacts with the forum such that the maintenance of the suit dies not offend traditional notions of fair play and substantial justice."  *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985); *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).  The nonresident defendant's conduct and connection to the forum state must be such that "he should reasonably anticipate being haled into court there."  *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

Plaintiff bears the burden of showing that the defendant has the requisite minimum contacts with the forum.  *Inamed Corp. v. Kuzmak,* 249 F.3d 1356, 1360 (Fed. Cir. 2001). However, "'[t]o defeat a motion to dismiss for lack of personal jurisdiction, the [plaintiff] need only make a prima facie showing of jurisdiction'" and may do so by affidavits, exhibits, or other evidence.  *Romak USA, Inc. v. Rich,* 384 F.3d 979, 983 (8th Cir. 2004) (*quoting Epps v. Stewart Info. Servs. Corp.,* 327 F.3d 642, 646-47 (8th Cir. 2003)).  The court views the evidence in the light most favorable to the plaintiff, as the nonmoving party, and resolves factual conflicts in its favor.  *Epps,* 327F.3d at 647.

Under the "minimum contacts" theory, a nonresident defendant may be subject to either specific jurisdiction or general jurisdiction.  *LSI Indus. Inc. v. Hubbell Lighting, Inc.,* 232 F.3d 1369, 1375 (Fed. Cir. 2000).  For general jurisdiction to exist, a defendant must

have "continuous and systematic" contacts with the forum.  *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414-16 (1984).  For specific jurisdiction, the Federal Circuit has established a three-pronged test:  (1) whether the defendant purposefully directed its activities at the residents of the forum; (2) whether the claim arises out of or is related to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair.  *HollyAnne Corp. v. TFT, Inc.,* 199 F.3d 1304, 1307 (Fed. Cir. 1999).

"Purposeful availment" means that the defendant's contacts with the forum state must not be random, fortuitous, attenuated, or the result of unilateral activity of a third person or another party.  *Burger King Corp.,* 471 U.S. at 475 (noting that "'there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws'") (*quoting Hanson v. Denckla,* 357 U.S. 235, 253 (1958)).  If the sale of a product of a manufacturer or distributor is not an isolated occurrence but arises from a defendant's efforts to serve, directly or indirectly, the market for its product, it is not unreasonable to subject it to suit.  *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297-298 (1980) (stating that personal jurisdiction can be exercised over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State); *see also Asahi Metal Indus. Co., Ltd. v. Superior Court of California,* 480 U.S. 102 (1987) (plurality opinion) (recognizing that stream of commerce theory provides a valid basis for determining minimum contacts).

Although there is dispute about whether mere placement of a product in the stream of commerce, without more, amounts to a purposeful act sufficient to confer personal jurisdiction, the shipment of an allegedly infringing device into a state through an

established distribution channel is such a purposeful contact. *Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1565 (Fed. Cir. 1994); *see Asahi,* 480 U.S. at 112 (O'Connor, J., concurring) (noting that additional conduct such as "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State" indicates an intent or purpose to serve the market in the forum state so as to amount to an act purposefully directed at the state).

In general, "when the cause of action at issue 'arises out of or relates to' those purposeful contacts, a court may properly assert personal jurisdiction, even if those contacts are 'isolated and sporadic.'" *Colida v. LG Electronics, Inc.,* 77 Fed. App'x 523, 524 (Fed. Cir. 2003) (*quoting Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,* 148 F.3d 1355, 1358 (Fed. Cir. 1998)). A cause of action for patent infringement arises out of the purposeful shipment of an infringing product through an established distribution channel. *Beverly Hills Fan Co.,* 21 F.3d at 1565.

If the claim arises out of or relates to defendant's activities, the next step in the court's analysis is to determine whether any considerations inherent in the concept of "fair play and substantial justice" defeat the reasonableness of jurisdiction, even if the defendant has purposefully engaged in forum activities. *Id.* (noting "even if the requisite minimum contacts have been found through an application of the stream of commerce theory or otherwise, if it would be unreasonable for the forum to assert jurisdiction under all the facts and circumstances, then due process requires that jurisdiction be denied"). At this stage, the plaintiff having demonstrated the requisite minimum contacts to establish personal

jurisdiction, the defendant bears the burden of showing why the court's assertion of jurisdiction over it would be unreasonable. *See Burger King Corp. v. Rudzewicz,* 471 U.S. at 477. Jurisdiction will be defeated only in "the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." *Beverly Hills Fan,* 21 F.3d at 1568.

Among the factors that courts may consider in making this determination are: (1) the burden on the defendant; (2) the forum State's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Id.* A state has a significant interest, that extends to patent infringement actions, in discouraging injuries that occur within the state as well as an interest in providing a forum for efficient litigation of plaintiff's claims for redress of injuries due to sales that occur in other states. *See id.; Burger King,* 471 U.S. at 473 (a state "has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors."); *North American Philips Corp.,* 35 F.3d at 1580 (Fed Cir. 1994) ("[the forum state] clearly has an interest in prohibiting the importation of infringing articles into its territory and regulating the conduct of the distributors with respect to the subsequent resales"). The burden on a defendant to travel to the forum is not generally sufficiently compelling to outweigh the plaintiff's and the state's interests. *See, e.g., Beverly Hills Fan,* 21 F.3d at 1569 (recognizing that progress in communication and transportation has made the defense of a lawsuit in a foreign tribunal less burdensome).

7

## 2. Discussion

The evidence in the record shows that Susumu USA has sold products to a distributor who solicits business in Nebraska through distribution of catalogs. It has also advertised its products through its website in Nebraska. The court finds that Susumu USA has purposefully directed its activities at the residents of this forum through its distributorship arrangement with Digi-Key. Susumu USA voluntarily placed allegedly infringing articles into the stream of commerce through sales to a distributor, with the reasonable expectation that the products were to be advertised and sold throughout the Midwest, if not throughout the country. The claim of patent infringement arises out of and is related to those purposeful activities. Because Nebraska has a significant interest in discouraging injuries in its state and in providing an efficient forum for redress of such injuries, assertion of personal jurisdiction is reasonable and fair. Accordingly, the court finds that the plaintiff has met its burden and has made a prima facie showing of personal jurisdiction. The defendant has not shown that litigation in this forum would be unreasonable.[1]

---

[1] Susumu USA's argument that this court cannot exercise jurisdiction over it as a subsidiary corporation without first finding that it is the alter ego of its parent corporation, Susumu Japan, is misplaced. Although jurisdiction over a subsidiary corporation will not automatically provide jurisdiction over a parent, the converse is not necessarily true. The circumstances of each case must be examined to determine whether a corporation through the activities of another corporation has subjected itself to jurisdiction in a state under its long-arm statute. *Anderson v. Dassault Aviation,* 361 F.3d 449, 452 (8th Cir. 2004) (noting that neither physical presence in a state nor the piercing of an entity's corporate veil is required to establish the minimum contacts necessary for the exercise of personal jurisdiction). The record in the present case shows that the two corporations have common ownership and, at the least, a closely intertwined business relationship. They share the same name and logo and hold themselves out as the same entity. Susumu USA was created by Susumu Japan for sales promotion of the Susumu brand in North America. In any event, Susumu USA's activities of sales to a distributor and the marketing and advertising of the allegedly infringing products are sufficient contacts with Nebraska to support the assertion of personal jurisdiction over it, whether or not Susumu Japan is its alter ego.

### B. Motion to Transfer Venue

Defendant also moves to transfer venue. Venue against a corporate defendant exists in a patent action wherever there is personal jurisdiction. *VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574, 1583 (Fed. Cir. 1990); *see also HollyAnne,* 199 F.3d at 1306. Although venue is proper, a district court may nevertheless transfer any civil action—for the convenience of the parties and witnesses or in the interest of justice—to any other district in which it could have been brought. 28 U.S.C. § 1404(a); *HollyAnne*, 199 F.3d at 1307. In a patent case, the law of the regional circuit applies in ruling on a motion to transfer under Section 1404(a). *In re Tesco,* 179 Fed. App'x 2 (Fed. Cir. March 20, 2006).

When deciding a motion to transfer venue, courts must consider: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). A district court is not, however, limited to evaluating only these factors in assessing a transfer motion. *Id.* Determinations of venue require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors. *Id.* at 697-98. A district court must also weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of "the interest of justice." *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 30 (1988).

In weighing these factors, the district court must balance the preference accorded plaintiff's choice of forum with the burdens of litigating at an inconvenient venue. *Mizokami Bros. of Arizona, Inc. v. Mobay Chem. Corp.,* 660 F.2d 712, 718 (8th Cir. 1981). In general,

federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted. *Terra Int'l, Inc.,* 119 F.3d at 695. The "first-filed" rule "gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." *Northwest Airlines, Inc. v. American Airlines, Inc.,* 989 F.2d 1002, 1006 (8th Cir. 1993).

The court finds Susumu USA has not presented a compelling case for transfer of venue. Vishay Dale was the first to file. Although litigating in Nebraska would be more convenient for the defendants, that burden does not outweigh the plaintiff's choice of forum. Moreover, Vishay Dale has shown that the witnesses and documents connected to its patent claims are located in Nebraska.

IT IS ORDERED that defendant Susumu USA's motion to dismiss for lack of personal jurisdiction or alternatively for transfer of venue, Filing No. 35, is denied.

DATED this 29th day of January, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge