IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **VISHAY DALE ELECTRONICS, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV191 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **CYNTEC CO., LTD.,** | ) | |
| **SUSUMU CO., LTD.** and | ) | |
| **SUSUMU INTERNATIONAL (USA), INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on two related motions for a protective order. Initially, the plaintiff filed a Motion for Protective Order (Filing No. 96).¹ In response, the defendants filed a combined opposing Motion for Protective Order and a brief (Filing No. 107), and an index of evidence (Filing No. 108). The plaintiff filed a reply brief (Filing No. 115) and an index of evidence (Filing No. 116) in opposition to the defendants' filings. The plaintiff made a request for oral argument in its brief. The defendants filed a reply brief (Filing No. 119) and an index of evidence (Filing No. 120) in response to the plaintiff's opposition to the defendants' motion for protective order. With leave of court, the plaintiff filed a surreply brief (Filing No. 125) and the defendants filed a response (Filing No. 126). As an initial matter, the plaintiff's request for oral argument is denied. **See** NECivR 7.1(d).

**BACKGROUND**

This is an action for patent infringement. The plaintiff and the defendants are competitors in the market for small inductors, which are small electronic components. **See** Filing No. 107 - Brief at p. 2. The plaintiff claims to have all interest in U.S. Patent Nos. 6,204,744 B1, 6,460,244 B1, 6,946,944 B2, 7,034,645 B2, 7,221,249 B2, 7,263,761 B1

---

¹As a convenience, this document contains certain cross-document hyperlinks to documents previously filed in this case. This document also contains links to the Nebraska local rules and legal citation from the federal reporters. The hyperlinked documents appear in blue underlined text. Except with regard to the local rules, access to the hyperlinked material is subject to fees pursuant to user agreements. The hyperlinks may be accessed without PACER fees by use of the public computer terminal in the Clerk's office.

and 7,345,562 B2, which are alleged to relate to inductors.  **See** Filing No. 95 - Amended Complaint.  The patents-in-suit are continuation or divisional patents from a single patent application filed on July 18, 1995.  **See** Filing No. 115 p. 7; Filing No. 116, Ex. 2 ¶ 5.  The plaintiff has amended the complaint several times to add allegations related to newly issued patents in the same family.  **Compare** Filing Nos. 1, 34, 76 and 95.  The plaintiff alleges the defendants are infringing on these seven patents and have induced others to infringe by making, selling, distributing, and/or using within this judicial district and/or elsewhere throughout the United States, products that infringe on the plaintiff's patents.  **See** Filing No. 95 - Amended Complaint.  The plaintiff claims the defendants' infringement is continuing, willful and wanton.  *Id.*  The defendants contest the validity of the patents-in-suit and deny infringement.  **See** Filing Nos. 103, 104, 105 - Answers.

The issue before the court is whether the court should issue a protective order covering confidential and proprietary materials, which the parties intend to exchange during the course of discovery for this litigation.  There is no dispute that each party possesses highly sensitive proprietary information concerning the design, manufacture and sale of inductors.  Further, the parties do not dispute such information may be relevant and discoverable in this case.

Each party has proposed one or more draft orders based on the parties' inability to agree on the content of a protective order.  The evidence shows the parties participated in substantial communication to resolve their differences but were unable to do so.  **See** Filing No. 109, Ex. 3 - E-mail.  Specifically, using the defendants' proposed Protective Order (Filing No. 108, Ex. 1 - Defendants' Proposed Protective Order), the parties resolved their differences down to two issues.  *Id.*  The remaining issues were the defendants' request to include a prosecution bar and the defendants' request to allow a third-party, Michael Tan of Delta Electronics, to have access to certain pieces of confidential information.  *Id.* at ¶¶ 5-6.  The defendants later agreed to waive the third-party request

and only the defendants' request for the prosecution bar remained. *Id.* Accordingly, only the prosecution bar will be discussed here.[2]

As defined in the defendants' proposed protective order:

> "Confidential Items" are documents and things which reflect or contain: (i) proprietary information, (ii) trade secrets, (iii) confidential know-how, (iv) sensitive business or financial information, or (v) information belonging to a third party that the producing party is bound by confidentiality agreement or court order to maintain as confidential.

**See** Filing No. 120 - Ex. 1 [Amended Proposed Protective Order](Amended Proposed Protective Order) ¶ 1.

Under this protective order, items marked as confidential may only be shown to (a) the court and its staff; (b) outside attorneys of record; (c) persons who have authored or previously received the document; (d) court reporters; (e) independent experts or consultants; (f) certain other independent persons; and (g) a party's in-house counsel or IP manager. *Id.* ¶¶ 4 and 6. Under this version, items marked as confidential may be further classified with greater protection as "Outside Counsel Only" to eliminate a party's in-house counsel or IP manager and subject the viewing person to a prosecution bar. *Id.* ¶¶ 3-6. Both parties agree there are certain items which should be limited by this more restrictive designation. **See** [Filing No. 115](Filing No. 115) - Plaintiff's Reply at p. 3. However, the parties dispute the need for a prosecution bar. The paragraph containing the prosecution bar states:

> No person receiving Confidential Items designated "Outside Counsel Only" pursuant to this Protective Order may participate in the drafting or prosecution of any patent application concerning inductors or the manufacture of inductors for a period of one year after the termination of this litigations [sic], including all appeals.

**See** Filing No. 120 - Ex. 1 [Amended Proposed Protective Order](Amended Proposed Protective Order) ¶ 5.

The defendants argue the prosecution bar must be included in the protective order "because there is a serious risk that some of this confidential technical information will

---

[2]The plaintiff's proposed Protective Order (Filing No. 96, Ex. A - [Plaintiff's Proposed Protective Order](Plaintiff's Proposed Protective Order)) was a draft proposed by the plaintiff before the parties conferred and contains additional disputed terms. However, the plaintiff's motion only raises the issue of the prosecution bar. Further, in light of the current filings, the court will address the prosecution bar and resolve only the issues briefed by the parties.

make its way into Vishay's patent applications." **See** Filing No. 107 - Brief at p. 6. The defendants contend patent prosecution attorneys are directly involved in, and make a contribution to, the patents they prosecute. *Id.* The defendants assert that because patent attorneys are so involved in the prosecution, it will be impossible for the plaintiff's attorneys to separate out the defendants' highly confidential technical information from their own or to disregard what they have learned. *Id.* For these reasons, patent counsel would be able to change the scope of existing patent claims or draft and submit new claims which could be worded to include the defendants' products. *Id.* at p. 7. Therefore, the defendants argue, without a prosecution bar, the defendants are at a high risk of suffering a competitive injury as a result of this lawsuit. *Id.* at p. 9.

The plaintiff contends the need for a prosecution bar in this case is based on speculation, not fact. **See** Filing No. 115 - Brief at p. 4. The plaintiff states the defendants base the necessity of a prosecution bar on a general assumption there *may* be an inadvertent disclosure of the defendants' confidential technical information. *Id.* Further, the plaintiff disagrees that it is impossible for an attorney to conduct patent prosecution in good faith and adhere to a protective order at the same time. *Id.* Additionally, the plaintiff argues the defendants have additional protection by statutes and regulations making it impossible for the plaintiff to amend prior patent applications to include information learned from confidential documents. *Id.* p. 7. Rather, the plaintiff contends including the prosecution bar would place a substantial hardship on the plaintiff. *Id.* p. 8. The plaintiff has had an ongoing relationship with Michael Voorhees of McKee, Voorhees & Sease, P.L.C. for at least 38 years, and with James Holmberg, in-house counsel, for at least 52 years. **See** Filing No. 116, Ex. 2 and Ex. 3. Therefore, the plaintiff argues that forbidding any of these attorneys from participating in patent prosecution involving inductors, would be a waste of resources. **See** Filing No. 115 - Brief at p. 8. Finally, the plaintiff's in-house counsel, "[Michael] Homberg does not participate in the business aspects of competitive decision-making, such as pricing and product offerings, and does not give any business advice or participate in any business decisions." *Id.* p. 9. The plaintiff states the same is true of the plaintiff's outside counsel of McKee, Voorhees & Sease. *Id.* p. 8.

Under either of the parties' proposed versions of a protective order, in-house counsel would not be privy to documents marked as "Outside Counsel Only."[3] Accordingly, while the parties discuss Mr. Homberg's activities and how he would be affected by the prosecution bar, Mr. Homberg would not be subject to the bar because he would not be eligible, in any event, to view documents designated as "Outside Counsel Only". **See, e.g.**, Filing No. 119 - Reply at p. 4-5. Accordingly, under either version of the protective order only "outside attorneys of record and their law firms, associated personnel, and their Outside Vendors" would be eligible to view the highly restricted documents. As such, only those individual persons, if they chose to view the confidential items, would be subject to the prosecution bar. There are four attorneys listed as counsel of record for the plaintiff from the firm McKee, Voorhees & Sease; Mr. Voorhees is not one of them. Mr. Voorhees admits in his affidavit that he is not "an attorney of record in this case." **See** Filing No. 116, Ex. 2. However, Mr. Voorhees states he has overall primary responsibility for advising the plaintiff on this case, litigation matters and patent prosecution matters. *Id.*

## ANALYSIS

An order protecting disclosure or discovery is granted only upon a showing of good cause, including "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." **See** Fed. R. Civ. P. 26(c)(1)(G). The party moving for the protective order has the burden to demonstrate good cause for issuance of the order. *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999). In order to make the requisite showing of good cause, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotype and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (**quoting** 8 C. Wright & A. Miller, Federal Practice & Procedure § 2035, p. 265 (1970)); *Miscellaneous Docket Matter*, 197 F.3d at 926. Thus, for good cause to exist, the parties seeking protection must

---

[3] The plaintiff's version designates such documents as "Attorney's Eyes Only," but defines attorney as "outside counsel of record." **See** Filing No. 96, Ex. A.

5

show that specific prejudice or harm will result if no protective order is granted. **See** *Frideres v. Schiltz*, 150 F.R.D. 153, 156 (S.D. Iowa 1993). The prejudice or harm protected by Rule 26(c) includes "annoyance, embarrassment, oppression, or undue burden or expense." *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998). "Such determination must also include a consideration of the relative hardship to the non-moving party should the protective order be granted." *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (**citing** *United States v. Kordel*, 397 U.S. 1, 4-5 (1970)).

When determining the level of protection to afford particular information a court "must be guided by the liberal federal principles favoring disclosure, keeping in mind the need to safeguard confidential information transmitted within the discovery process from disclosures harmful to business interests." *BASF Corp. v. United States*, 321 F. Supp. 2d 1373, 1378 (Ct. Int'l Trade 2004) (citation omitted). "Courts dress technical information with a heavy cloak of judicial protection because of the threat of serious economic injury to the disclosure of scientific information." *Andrx Pharms., LLC v. GlaxoSmithKline, PLC*, 236 F.R.D. 583, 586 (S.D. Fla. 2006) (**quoting** *Safe Flight Instr. Corp. v. Sundstrand Data Control Inc.*, 682 F. Supp. 20, 22 (D. Del. 1988)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 362 (8th Cir. 2003).

> Where parties to a lawsuit are commercial competitors, and one of them moves for protection against misuse of its confidential technical information, the court must balance the risk to the moving party of inadvertent disclosure against the risk that the protective order will impair the prosecution or defense of the other party's claims.

*Andrx Pharms.*, 236 F.R.D. at 585 (quotation omitted). The balance of relative hardships includes an assessment of any substantial detriment to a party caused by the inclusion or failure to include the protection at issue. **See** *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984).

When considering a patent prosecution bar, a court will focus on the subject counsel's level of "competitive decisionmaking" with the party. "Competitive decisionmaking" is "shorthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." *U.S. Steel*, 730 F.2d at 1468 n.3; **see** *Autotech Tech. Ltd. P'ship v. Automationdirect.com, Inc.*, 237 F.R.D. 405, 407 (N.D. Ill. 2006). Further, the court should concentrate not on counsel's regular contact with corporate officials, but on counsel's "advice and participation" in competitive decisionmaking. *Matsushita Elec. Indus. Co., Ltd. v. United States*, 929 F.2d 1577, 1580 (Fed. Cir. 1991).

> In the end, proper analysis requires a careful and comprehensive inquiry into [subject] counsel's actual (not nominal) role in the affairs of the company, his association and relationship with those in the corporate hierarchy who are competitive decision makers, and any other factor that enhances the risk of inadvertent disclosure.

*Autotech Tech.*, 237 F.R.D. at 408. Such risk must then be balanced against any harm that will likely result to the party from restrictions imposed on access to protected information. *Id.*; see also

Some courts have found that a company's patent prosecutor does engage in competitive decision-making, and thus is subject to greater restrictions related to confidential materials than other counsel. *Presidio Components, Inc. v. Am. Tech.l Ceramics Corp.*, 546 F. Supp. 2d 951, 956 (S.D. Cal. 2008) (listing cases barring plaintiff's attorneys, who provided advice related to patent prosecution or scope of claims, from prosecuting certain patent applications for one year after receiving highly confidential materials). Greater protections are necessary where counsel may inadvertently use confidential information "to shape advice regarding the scope of patent claims as part of the prosecution of patents for any party to this action, to the detriment of the opposing party, its competitor." *Chan v. Intuit, Inc.*, 218 F.R.D. 659, 661-62 (N.D. Cal. 2003) (protective order required patent prosecution counsel from participating in prosecution of patent for period of two years after the conclusion of the action). This is primarily because "[p]rosecuting patent applications 'involves decisions of scope and emphasis' that implicate

competitive decision making, as claims may be drafted to 'read on new products and new directions where [a party] project[s] sales to be most critical.'" *Id.* (**quoting *Commissariat A L'Energie Atomique v. Dell Computer Corp.*, No. CIV.A. 03-484, 2004 WL 1196965, at \*2 (D. Del. May 25, 2004)** (barring the plaintiff's attorneys from accessing the defendant's highly confidential information because they were prosecuting patents involving the technology at issue, including patents for the defendant's competitors)). However, because the nature of the inquiry is fact specific, many courts have reached contrary results. *Id.* (citing cases). In any event, the court cannot make broad generalizations, but must evaluate the evidence associated with a particular situation. **See *Greenstreak Group, Inc. v. P.N.A. Const. Tech., Inc.*, No. 4:07CV2099, 2008 WL 2485177, at \*1 (E.D. Mo. June 19, 2008)**.

The court finds good cause exists for a protective order related to the parties' confidential, proprietary and sensitive business information and trade secrets. The defendants seek a higher level of protection, implementing a prosecution bar, for certain information. Accordingly, the burden rests with the defendants to show why the prosecution bar should be included in the protective order.

The defendants argue the risk of inadvertent disclosure and competitive injury is high. The defendants are concerned the plaintiff's patent counsel will have the ability, inadvertently, to draft the scope of patent claims with the defendant's highly confidential information in mind. The defendant states this concern is greater, here, where the plaintiff has repeatedly amended the complaint to included newly issued patents. Further, prosecution counsel's knowledge may influence the scope of future patents or advice about future patents.

The plaintiff contends its outside patent and litigation counsel are not involved in business matters. The plaintiff states Mr. Voorhees has overall responsibility for advising the plaintiff on patent prosecution matters and patent litigation, including this case. **See** Filing No. 115 - Brief at p. 8; Filing No. 116, Ex. 2 - Voorhees Aff. ¶ 2. Mr. Voorhees states he relies upon the counsel who has entered an appearance in this case to advise the plaintiff about the status, merits and settlement posture of this case. *Id.* ¶ 3. Mr. Voorhees states that it would impair his ability to advise the plaintiff if he were not able to receive

confidential information about this case. *Id.* Finally, Mr. Voorhees states his firm is handling many pending patent applications and previously issued patents for the plaintiff, thus the prosecution bar provision would create a hardship on the firm and the plaintiff. *Id.* ¶ 4. The plaintiff argues it would sustain a substantial hardship by losing the learned services of counsel it has retained since 1970. The plaintiff does not contest that the proposed patent bar is narrowly tailored in scope and time. The plaintiff argues the provisions of the protective order, without the prosecution bar, adequately protect against the risk of inadvertent disclosure.

Under the circumstances of this case, the court finds the defendants have shown good cause exists for the heightened protection the patent prosecution bar will afford. On balance, the risk of inadvertent misuse of highly confidential material is elevated compared to the burdens on the plaintiff. Under the terms of either proposed protective order only outside counsel would have access to highly confidential materials - that is materials marked "Outside Counsel Only". While members of Mr. Voorhees' firm are considered outside counsel of record, the plaintiff has failed to show any unusual hardship by virtue of a prosecution bar limited to a few persons associated with the firm and the subject matter of this lawsuit. As shown by the evidence in this case, the patent attorneys have been highly trained with regard to the plaintiff's products, specifically the product at issue here. Additionally, the patent attorneys have a "key advisory relationship" with the plaintiff with regard to patent prosecution and litigation. For these reasons, the court finds the patent counsel in this case are competitive decision makers in light of their influence on patents and the highly confidential information they will obtain about a competitor. Accordingly, there is an unacceptable risk of inadvertent disclosure without the prosecution bar. The court also finds the prosecution bar is appropriately limited in time, to one year after the termination of the lawsuit, and scope. Upon consideration,

**IT IS ORDERED:**
1. The plaintiff's Motion for Protective Order ([Filing No. 96](#)) is denied.
2. The defendants' Motion for Protective Order ([Filing No. 107](#)) is granted.

**ADMONITION**

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Order.  Failure to timely appeal may constitute a waiver of any objection to the Order.  The brief in support of any appeal shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 22nd day of September, 2008.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge