IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VISHAY DALE ELECTRONICS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CYNTEC CO., LTD., ) <br> SUSUMU CO., LTD. and ) <br> SUSUMU INTERNATIONAL (USA), INC., ) <br> ) <br> Defendants. ) | 8:07CV191 <br><br> PROTECTIVE ORDER |

Pursuant to Fed. R. Civ. P. 26(c), this court's Order on the parties' cross-motions for a protective order, filed today, and in order to facilitate discovery, particularly the exchange during discovery of documents, things, information, testimony, and other evidence that the parties may consider confidential business information;

**IT IS ORDERED**:

1. As used in this Protective Order, these terms have the following meanings:

    "Confidential Items" are documents and things which reflect or contain: (i) proprietary information, (ii) trade secrets, (iii) confidential know-how, (iv) sensitive business or financial information, or (v) information belonging to a third party that the producing party is bound by confidentiality agreement or court order to maintain as confidential.

    "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

    "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys.

2. All Confidential Items received pursuant to this Protective Order, along with the information contained therein, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or

communicate in any way the documents or their contents to any person other than those with appropriate authorization pursuant to paragraphs 4 and 6. Any other use is prohibited.

3. Confidential Items shall be designated as "Confidential Pursuant to Protective Order." In addition, those Confidential Items which contain information that a designating party believes in good faith is of such a sensitive nature that the designating party reasonably fears competitive or other injury would result from disclosure beyond the authorizations contained in paragraph 4 (such as proprietary technical and financial information) may be additionally designated "Outside Counsel Only."

4. Access to any received Confidential Item shall be limited to:

    (a) The Court and its staff;
    (b) Subject to the prosecution bar of paragraph 5, outside attorneys of record and their law firms, associated personnel, and their outside vendors;
    (c) Persons shown on the face of the document to have authored or received it;
    (d) Court reporters retained to transcribe testimony;
    (e) Subject to paragraph 7, outside independent experts or consultants retained by a party or its Attorneys to furnish technical or expert services, consult, and/or to give testimony in this action;
    (f) Subject to paragraph 8, outside independent persons who are retained by a party or its Attorneys to provide assistance as jury consultants, mock jurors, focus group members or the like; and insurance carriers of the parties.

5. No person receiving Confidential Items designated "Outside Counsel Only" pursuant to this Protective Order may participate in the drafting or prosecution of any patent application concerning inductors or the manufacture of inductors for a period of one year after the termination of this litigation, including all appeals.

6. In addition to the disclosures permitted by paragraph 4, Confidential Items that are not designated "Outside Counsel Only" may also be disclosed to in-house counsel for a party, and the IP manager for a party, where the party does not have in-house counsel.

7. (a) A party proposing to show a Confidential Item to a person designated pursuant to paragraph 4(e) shall first submit a Sworn Undertaking as shown in Exhibit A and a curriculum vitae which includes the expert or consultant's name, current business

affiliation and address, and any known present or former relationships between the expert or consultant and the producing party or known competitors of the producing party. The Sworn Undertaking and C.V. shall be delivered to the producing party by any method agreed upon by the parties such that they are received at least ten (10) business days prior to the disclosure of any Confidential Item to such expert or consultant. Fed. R. Civ. P. 6(d) shall not apply to this time period.

(b) If the party receiving such a notice pursuant to subparagraph 7(a) objects to Confidential Items being disclosed to the selected expert or consultant, such party shall deliver its objections to the sender of the notice by any method agreed upon by the parties such that the sender of the notice receives the objections within nine (9) business days of receipt of the written notification required by paragraph 7(a). Fed. R. Civ. P. 6(d) shall not apply to this time period. If a written notice of objection is provided, no Confidential Item shall be disclosed to the selected expert or consultant until the objection is resolved by an order of the Court or by an agreement among the parties involved.

8. A party intending to show a Confidential Item to a person designated under subparagraph 4(f) shall first obtain and keep on file a Confidentiality Agreement as shown in Exhibit B signed by such a person prior to the disclosure of any Confidential Item to such a person.

9. Third parties producing documents in the course of this action may also designate documents as "Confidential" or "Confidential – Outside Counsel Only" subject to the same protections and constraints as the parties to the action.

10. All depositions or portions thereof taken in this action that contain trade secrets or other confidential information may be designated "Confidential" or "Confidential – Outside Counsel Only" and thereby obtain the protections accorded other "Confidential" or "Confidential – Outside Counsel Only" items. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within ten (10) business days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential – Outside Counsel Only" during the ten-day period following receipt of the transcript. The deposition of any witness (or any portion thereof) that encompasses "Confidential" or "Confidential – Outside Counsel Only" information shall

be taken only in the presence of persons who are qualified to have access to such information.

11.     Any party who inadvertently fails to identify documents or testimony as "Confidential" or "Confidential – Outside Counsel Only" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents or transcripts. Any party receiving such improperly-designated documents or transcripts shall retrieve such information from persons not entitled to receive those documents and transcripts and, upon receipt of the substitute documents and transcripts, shall return or destroy the improperly-designated documents and transcripts.

12.     Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall sequester such inadvertently produced documents, including all copies, immediately upon receiving such a written request. The party sequestering such inadvertently produced documents must during a ten-day period return the items or move for an order from the Court declaring that the items are not entitled to privilege protection.

13.     If a party files a document containing confidential information with the Court, it shall do so in compliance with the local rules for the District of Nebraska. Prior to disclosure at trial or a hearing of materials or information designated "Confidential" or "Confidential – Outside Counsel Only," the parties may seek further protections against public disclosure from the Court.

14.     Any party may request that any other party designating Confidential Items as "Confidential" or "Confidential – Outside Counsel Only" permit access by a particular individual to particular "Confidential" or "Confidential – Outside Counsel Only" designated Confidential Item. The parties agree that such requests will be considered in good faith and that access will not be unreasonably withheld.

15.     Any party may request a change in the designation of any information designated "Confidential" or "Confidential – Outside Counsel Only." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for

appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" or "Confidential – Outside Counsel Only" in the action may be affected. The party asserting that the material is "Confidential" or "Confidential – Outside Counsel Only" shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

16. Within sixty (60) days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential" or "Confidential – Outside Counsel Only," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the sixty-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

17. Within sixty (60) days following the expiration of the last period for appeal from any order issued in connection with this action, the parties shall be allowed to remove any materials designated by that party as "Confidential" or "Confidential – Outside Counsel Only" from the office of the Clerk of Court.

18. Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

19. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

20. The obligations imposed by this Protective Order shall survive the termination of this action.

DATED this 22nd day of September, 2008.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **VISHAY DALE ELECTRONICS, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV191 |
| | ) | |
| vs. | ) | |
| | ) | |
| **CYNTEC CO., LTD.,** | ) | |
| **SUSUMU CO., LTD.** and | ) | |
| **SUSUMU INTERNATIONAL (USA), INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

**SWORN UNDERTAKING OF** _____

I, _____ declare that my address is _____

_____.

My current employer is _____. My current occupation is _____. A copy of my current curriculum vitae or resume is attached hereto.

1. I hereby certify that, with the exception of _____ _____, the party[ies] retaining me in connection with this action, I am not now, and have not been in the past three years, retained by or on behalf of, or in opposition to, any of the parties to the above-captioned action.

2. I have received a copy of the Protective Order in the above-captioned action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any Confidential Items that are disclosed to me.

      4.      Promptly upon termination of this action, I will return any Confidential Items that may come into my possession to the outside attorneys representing my employer or the attorneys who furnished those items to me.

      5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

Exhibit A - Page 2

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **VISHAY DALE ELECTRONICS, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV191 |
| | ) | |
| vs. | ) | |
| | ) | |
| **CYNTEC CO., LTD.,** | ) | |
| **SUSUMU CO., LTD. and** | ) | |
| **SUSUMU INTERNATIONAL (USA), INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CONFIDENTIALITY AGREEMENT**

The undersigned, having read and understood the Protective Order dated September 22, 2008, governing the restricted use of documents and other information designated as (i) "Confidential" of (ii) "Confidential – Outside Counsel Only," pursuant to the Protective Order, which has been obtained from the parties by reason of discovery in the above-captioned matter, hereby agrees to be bound by the terms thereof and consents to the jurisdiction and contempt power of the Court with respect to its enforcement.

Dated: _____ (Signature)

                                     _____ (Print Name)