IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VISHAY DALE ELECTRONICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV191 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CYNTEC CO., LTD., | ) | |
| SUSUMU CO., LTD. and | ) | |
| SUSUMU INTERNATIONAL (USA), INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Motion to Compel Discovery from Defendants (Filing No. 127). The plaintiff filed a brief (Filing No. 128), an index of evidence (Filing No. 129), and a supplement statement (Filing No. 130) in support of the motion. The defendants filed a brief (Filing No. 147) and an index of evidence (Filing No. 148) in opposition to the motion. The plaintiff filed a reply brief (Filing No. 149) and an index of evidence (Filing No. 150). Both parties noted a request for oral argument on the face of their briefs and/or in the briefs. As an initial matter, the requests for oral argument are denied. **See** NECivR 7.1(d).

### BACKGROUND

This is an action for patent infringement. The plaintiff and the defendants are competitors in the market for small inductors, which are small electronic components. **See** Filing No. 107 - Brief at p. 2. The plaintiff claims to have all interest in U.S. Patent Nos. 6,204,744 B1, 6,460,244 B1, 6,946,944 B2, 7,034,645 B2, 7,221,249 B2, 7,263,761 B1 and 7,345,562 B2, which are alleged to relate to inductors. **See** Filing No. 95 - Amended Complaint. The patents-in-suit are continuation or divisional patents from a single patent application filed on July 18, 1995. **See** Filing No. 115 p. 7; Filing No. 116, Ex. 2 ¶ 5. The plaintiff has amended the complaint several times to add allegations related to newly issued patents in the same family. **Compare** Filing Nos. 1, 34, 76 and 95. The plaintiff alleges the defendants are infringing on these seven patents and have induced others to

infringe by making, selling, distributing, and/or using within this judicial district and/or elsewhere throughout the United States, products that infringe on the plaintiff's patents. **See** Filing No. 95 - Amended Complaint. The plaintiff claims the defendants' infringement is continuing, willful and wanton. ***Id.*** The defendants contest the validity of the patents-in-suit and deny infringement. **See** Filing Nos. 103, 104, 105 - Answers.

The parties' current dispute relates to discovery sought by the plaintiff. On March 19, 2008, the plaintiff served the defendants with sets of interrogatories and sets of requests for production. **See** Filing No. 84 - Notice of Service. On May 5, 2008, the defendants served their responses. **See** Filing No. 129 - Exs. 4-6. On May 15, 2008, the plaintiff wrote to the defendants explaining deficiencies in the responses. **See *id.*** Ex. 7. On May 22, 2008, the defendants responded in writing. **See *id.*** Ex. 8. On June 9, 2008, the parties conferred by telephone, and on June 11, 2008, the defendants supplemented their responses. **See *id.*** Exs. 9-10. The parties were unable to resolve the remaining issues prior to the plaintiff's filing of the instant motion. The plaintiff seeks to compel supplemental responses to Interrogatory Nos. 5-11 and Requests for Production Nos. 18, 19, and 22-24.

As an initial matter, the defendants state the motion to compel is moot with regard to Requests for Production Nos. 18, 19, 22, and 23, because the defendants agreed to produce responsive documents after a protective order was entered or the parties agreed to negotiate an exchange of product samples. **See** Filing No. 147 - Brief p. 20-21. In any event, the defendants do not oppose production related to these requests. To the extent the defendants have not yet supplemented Requests for Production Nos. 18, 19, 22, and 23, the motion to compel will be granted. The court will evaluate the remaining issues below.

**ANALYSIS**

Parties may discover any relevant, unprivileged information that is admissible at trial or is reasonably calculated to lead to admissible evidence. **See** Fed. R. Civ. P. 26(b)(1). Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy, for purposes of discovery, has been defined

by the United States Supreme Court as encompassing "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Discovery requests should be considered relevant if there is any possibility the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear the information sought can have no possible bearing on the subject matter of the action. See *Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F. Supp. 2d 83, 86 (D. D.C. 2005). The proponent of discovery must make a threshold showing of relevance before production of information, which does not reasonably bear on the issues in the case, is required. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1993). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case. See *Cervantes v. Time, Inc.*, 464 F.2d 986, 994 (8th Cir. 1972).

Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections). Bare assertions that discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient to bar production. *Id.* "The party resisting discovery must show specifically how . . . each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive." *Id.* (citations omitted). The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. See *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 610

(D. Neb. 2001). This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents. See *id.* The District Court has discretion to limit the scope of discovery if it has a good reason to do so. *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998).

### A.    Interrogatories

Federal Rule of Civil Procedure 33 provides:

> An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Fed. R. Civ. P. 33(a)(2).

#### 1.    Advice of Counsel

In Interrogatory Nos. 5-7, the plaintiff seeks information about whether the defendants conducted certain investigations related to the patents-in-suit and whether the defendants intend to rely on the defense of advice of counsel. **See** Filing No. 129 - Ex. 10. Specifically,

Interrogatory No. 5:

> State whether any validity, infringement, state of the art, or other prior art search or investigation has ever been conducted by or on behalf of [the defendant] relating to any of the patents-in-suit, and identify all documents relating thereto and the person most knowledgeable about any such search [or] investigation.

Interrogatory No. 6:

> State whether [the defendant] has sought or obtained an opinion of counsel with regard to the enforceability, infringement or validity of any of the patents-in-suit, and if so, give[ ] the date and author of each such opinion.

4

Interrogatory No. 7:

> State whether [the defendant] intends to rely upon an opinion of counsel in defense of the allegations of willful infringement.

*Id.*

The defendants responded to each of these interrogatories by objecting "to this interrogatory because it seeks to discover information protected by the attorney-client privilege or the work-product doctrine." *Id.* Additionally, the defendants objected to Interrogatory No. 5 as "overly broad and unduly burdensome because it seeks information regarding 'all documents relating thereto.'" *Id.* Finally, in response to Interrogatory No. 7, the defendants stated, "The [defendant] further objects to this interrogatory as premature. Reliance on an opinion of counsel, should one exist, may involve the limited waiver of the attorney-client privilege, and there has been no waiver as of the date of this interrogatory response." *Id.* Ex. 4.

The plaintiff argues these interrogatories are relevant to a "commonly" asserted defense in patent actions alleging willful infringement - advice of counsel. The plaintiff notes the defendants may or may not rely on this defense in this case. The defendants have not yet asserted advice of counsel as a defense. The plaintiff's argument that such information is relevant to the upcoming *Markman* hearing is misplaced.

Under these circumstances, the court will not compel the defendants to provide discovery on a defense they may or may not raise. This is particularly true where the defense implicates attorney-client privilege. Since the interrogatories are not relevant to claims or defenses currently at issue, the plaintiff's motion to compel supplemental responses is denied.

### 2. Contention Interrogatories

In Interrogatory Nos. 8-11, the plaintiff seeks information about the defendants' contentions. **See** Filing No. 129 - Ex. 10.

Interrogatory No. 8

> If you contend that [the defendant] has not infringed the patents-in-suit, state in detail the basis for you contention, including the particular limitations in the patent claims that are

> purportedly not met by the inductors in response to Interrogatory No. 1 and their method of manufacture, and provide your proposed construction of the particular claim limitation.
>
> Interrogatory No. 9:
>
> > Identify all patents, publications, other documents, things, witnesses, and all other sources of information [the defendant] intends to rely upon to challenge the validity and/or enforceability of the patents-in-suit.
>
> Interrogatory No. 10:
>
> > If [the defendant] contends any of the patents-in-suit is invalid under 35 U.S.C. §101, 102, and/or 112, state all facts and identify all documents that you believe support such a contention and identify the persons(s) most knowledgeable about the information requested in this interrogatory.
>
> Interrogatory No. 11:
>
> > If [the defendant] contends any of the patents-in-suit is invalid under 35 U.S.C. § 103, state all facts and identify all documents that you believe support such a contention, including the level of ordinary skill in the art and each prior art references relied upon with a detailed explanation of how each prior art reference is applied to each element of each patent claim that you contend is invalid, and identify the persons most knowledgeable about the information requested in this interrogatory.

*Id.*

The defendants responded to Interrogatory No. 8 by stating:

> [The defendant] objects to this interrogatory as premature, vague, and ambiguous. [The defendant] also objects to this interrogatory because it seeks [the defendant's] ultimate position on its contentions, given that discovery is still in its early stages. Moreover, Plaintiff has the burden of proof on infringement and therefore [the defendant's] non-infringement contentions are rebuttal contentions. Thus Plaintiff's infringement contentions are a precondition to [the defendant's] response to this interrogatory, and [the defendant] has not received Plaintiff's infringement contentions.

*Id.* Ex. 4.

Similarly, the defendants responded to Interrogatory No. 9 by stating:

> [The defendant] objects to this interrogatory to the extent that it seeks to discover information protected by the attorney-client privilege or the work-product doctrine. [The defendant] further objects to this interrogatory as premature as no final decision as to trial exhibits or witnesses has been made. [The defendant] also objects to this interrogatory because it seeks [the defendant's] ultimate position on its contentions, given that discovery is still in its early stages. At a minimum [the defendant] intends to rely upon the patents-in-suit, their prosecution histories, and the prior art of record disclosed during the prosecution of the patents-in-suit.

*Id.*

In addition to the response above, the defendants also stated they object to Interrogatory No. 10 "as overly broad and unduly burdensome because it seeks information regarding 'all facts' and 'all documents.' [The defendant] further objects to the request for the 'most' knowledgeable person as vague and ambiguous." *Id.* In addition to the responses to Interrogatory Nos. 9 and 10, the defendants made the following objection to Interrogatory No. 11: "[The defendant] further objects to the request to the extent it seeks expert testimony that will be disclosed in accordance with expert disclosure deadline established in this case." *Id.*

The plaintiff states it seeks information about the defenses alleged in the defendants' answers. The plaintiff contends the defendants are stonewalling by their failure to give any explanation or factual basis for the defenses. The plaintiff argues the defendants' privilege objections do not apply in this context and they should be made to provide information about their defenses, regardless of who has the burden of proof at trial. The plaintiff also asserts the defendants must have some basis for their defenses, otherwise the defendants would run afoul of the good faith pleading requirements.

The defendants maintain answers by the defendants to contention interrogatories are premature. This case is in early stages with little discovery having taken place. Additionally, the defendants contend that because the plaintiff has not given the defendants much information about its claims, the defendants are unable to determine the extent of its own contentions. The defendants argue the plaintiff is attempting to get the defendants to construct the infringement arguments as a substitute for the plaintiff's own

trial preparations. Accordingly, the defendants seek to delay additional responses to Interrogatory Nos. 8-11 until after the plaintiff has made a prima facie case of infringement. **See** Filing No. 147 - Brief p. 14. Further, the defendants state supplemental responses should be delayed until after claim construction. *Id.* at p. 16-17.

Typically, the burden is on party resisting discovery to justify protection from providing the discovery sought in the time frame provided by the rules. However, the burden is different for contention interrogatories. "The party serving contention interrogatories bears the burden of proving how an earlier response assists the goals of discovery." *B. Braun Med. Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994)

"Courts have considerable discretion in determining when contention interrogatories must be answered, and there is considerable support for deferring answers to contention interrogatories until after a substantial amount of discovery has been completed." *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007). At a minimum, courts may find "contention interrogatories premature where no 'significant discovery has taken place.'" *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 233 (E.D.N.Y. 2007). Accordingly, "a court may postpone a response to contention interrogatories until discovery is closer to completion." *Id.* Such delay "protects the responding party from being hemmed into fixing [its] position without adequate information." *Id.* A party who serves contention interrogatories early in the discovery process should be able to demonstrate that answers to the questions will (1) clarify the issues in the case, (2) narrow the scope of the dispute, (3) set up early settlement discussions, or (4) expose a substantial basis for a dispositive motion. *Lucero*, 240 F.R.D. at 594; **see** *B. Braun Med.*, 155 F.R.D. at 527 (patent infringement case where plaintiff's interrogatories deferred).

Here, the plaintiff fails to show how the defendants' responses to these interrogatories would further the goals of discovery without creating an undue burden on the defendants. The court finds both parties would benefit from a delay in requiring supplemental responses to Interrogatory Nos. 8-11 until additional discovery is completed and the court has determined the disputed claim construction. Accordingly, the plaintiff's motion to compel will be denied with regard to these contention interrogatories.

**B.     Request for Production**

The plaintiff requested information about the inductors in the PCMC and PCMB series, which inductors are accused of infringing on the plaintiff's patents-in-suit. **See** Filing No. 128 - Brief p. 8-10. Specifically, Request for Production No. 24 seeks: "Copies of any patent application filed on any of the PCMC or PCMB series inductors." **See** Filing No. 129 - Ex. 6. The defendants responded:

> Defendants object to this request to the extent that it seeks information not relevant to any claims or defenses of the parties and as not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent that it requests information regarding inductors (and their sales) sold only outside the U.S. as not relevant to any claims or defenses of the parties and as not reasonably calculated t lead to the discovery of admissible evidence. Defendants further object to producing any of their confidential information prior to the entry of a suitable protective order. Defendants further object to this request to the extent that it seeks to discover information protected by the attorney-client privilege and/or the work-product doctrine. <u>Defendants have not asserted any patents in this Action and will not search for and produce patent applications</u>.

*Id.* (emphasis added).

The plaintiff contends the patent applications are relevant to patent validity, claim interpretation, and willful infringement. **See** Filing No. 128 - Brief p. 9-10. The plaintiff argues any description of the accused products contained in the applications are relevant to the structure of the accused inductor. Additionally, the plaintiff asserts the applications would be relevant for comparing the language in the application with the patents-in-suit. The plaintiff seeks to examine the applications to determine if the defendants have taken a position regarding the meaning of terms which would be inconsistent with the defendants' current contentions regarding claim construction in this case. Moreover, the plaintiff argues it is likely the patents-in-suit were cited by the Patent Examiner, which would show the defendants' knowledge of the patents-in- suit. The plaintiff denies attorney-client or work-product privileges would apply because the documents were prepared for the U.S. Patent Office and the prosecution histories are mandatorily published. **See** Filing No. 128 - Brief p. 10.

The defendants argue this is an action regarding infringement of the plaintiff's patents, not the defendants' patents. Accordingly, the only relevant infringement question is the comparison of the plaintiff's patent claims to the structure of the accused products. **See** Filing No. 147 - Brief p. 18. Additionally, the defendants contend the parties are direct competitors and both have research and development into various inductor designs. The defendants state the parties "presumably have filed and continue to file confidential patent applications with various patent offices with the expectation that the applications will remain secret and not available to competitors." *Id.* For this reason, the defendants contend the court should apply a heightened relevancy standard. The heightened standard balances the plaintiff's need for the materials against the defendants' confidentiality concerns. **See** *Fischer Imaging Corp. v. Lorad Corp.*, 148 F.R.D. 273, 274-75 (D. Colo. 1993). The defendants also list some confidentiality concerns, about patent and trial counsel compromising confidential information, which were fully addressed in the court's order regarding the protective order and need not be re-addressed here. **See** Filing No. 147 - Brief p. 18; **see also** Filing No. 151. The defendants state they intend to provide the plaintiff with documents describing the accused products once the protective order is issued. The protective order was entered on September 22, 2008; however, there is no indication in the record, by notice of service other otherwise, that the defendants have supplemented their response to this request.

In any event, the court finds that even using the heightened standard, the plaintiff has met its burden. The plaintiff has made a specific showing about how the applications sought would be relevant to the matters at hand. Additionally, the defendants do not appear to have provided the plaintiff with other relevant, arguably less confidential, materials for comparison. Assuming the defendants had provided such requested materials, the defendants do not describe how the material would address each of the plaintiff's concerns or reasons for requesting the patent applications. Although the parties are competitors, the protective order in place in this matter should adequately protect the confidentiality of the defendants' patent applications. Accordingly, the defendants have failed to sustain their burden justifying the objections to Request for Production No. 24.

The plaintiff's motion to compel is granted and the defendants shall supplement Request for Production No. 24.

**C.     Sanctions**

With regard to motions to compel discovery responses, under Federal Rule of Civil Procedure 37(a)(5)(C): "If the motion is granted in part and denied in part, the court . . . may, after affording an opportunity to be heard, apportion the reasonable expenses for the motion." The Advisory Committee Notes to the 1970 Amendments to Rule 37 indicate that, on many occasions, "the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court. In such cases, the losing party is substantially justified in carrying the matter to court." **See** Fed. R. Civ. P. 37(a)(4) Advisory Committee Notes (1970). "[T]he rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." *Id.*

Although based on the defendants' conduct, the plaintiff filed a motion to compel, the court finds the defendants' initial responses to discovery were, in part, substantially justified. The court granted the plaintiff's motion to compel only in part and found the defendants' objections and responses to certain discovery to be sufficient. Under the circumstances, the court does not find the imposition of sanctions to be warranted and will not assess sanctions against either party with regard to the plaintiff's motions to compel. Upon consideration,

**IT IS ORDERED:**

The plaintiff's Motion to Compel Discovery from Defendants (Filing No. 127) is granted, in part. The defendants shall have to **on or before November 28, 2008**, to supplement their responses to Request for Production Nos. 18, 19, and 22-24. In all other respects the plaintiff's motion is denied.

DATED this 6th day of November, 2008.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge